IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ALEMNESH B. DERESSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      1:05cv1334(JCC) |
| | ) |
| TEMESGIEN GOBENA and | ) |
| ABEBETCH BOBENA, | ) |
| | ) |
| Defendants. | ) |

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Defendants'
Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules
of Civil Procedure.  For the following reasons, the Court will
deny Defendants' Motion.

### I.  Background

Plaintiff, Alemnesh B. Deressa, is a citizen of
Ethiopia who currently resides in the United States and was
formerly employed as Defendants' live-in domestic worker.
Defendants, Temesgien and Abebetch Gobena, are a husband and wife
who are natives of Ethiopia and are currently Virginia residents.
Deressa met Mr. Gobena in Ethiopia in 1998.  At that time,
Deressa and Mr. Gobena signed an employment contract providing
that, *inter alia*, Deressa would be compensated at $5.75 per hour
with overtime over forty hours per week to be paid at one and
one-half times the hourly rate.

According to the allegations of Deressa's Complaint, the Gobenas required Deressa to work or to be on call for an average of seventeen hours per day, seven days per week. Deressa, who spoke no English, was kept a "virtual prisoner" by the Gobenas, who withheld Deressa's only identification, her Ethopian passport, and told her that she would be arrested if she left their house.  The Gobenas required Deressa to sleep on a mattress in a corridor near their garage, where air conditioning and heating were inadequate.  The Gobenas did not provide Deressa with basic medical care, and on several occasions, Mrs. Gobena physically assaulted Deressa.  Deressa was employed in this manner from June 22, 1998 until September 22, 2004.  She received no compensation until some point in 2005, when she received $5,000 pursuant to a contract she had signed on October 23, 2004 releasing the Gobenas from all claims.

Based on these allegations, Deressa filed a seven count complaint in this Court on November 21, 2005, alleging violations of the Fair Labor Standards Act ("Count I"), breach of contract ("Count II"), false imprisonment ("Count III"), fraud and misrepresentation ("Count IV"), violation of 42 U.S.C. § 1985(3) ("Count V"), intentional infliction of emotional distress ("Count VI"), and assault and battery ("Count VII").  The Gobenas filed a Motion to Dismiss on December 28, 2005.  On January 9, 2006, Deressa amended her Complaint to seek rescission of the October

23, 2004 release agreement ("Count VIII").  The Gobenas withdrew

their original Motion and filed a Motion to Dismiss the First

Amended Complaint on January 25, 2006.  This Motion is currently

before the Court.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal

sufficiency of the complaint, *see Randall v. United States*, 30

F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it

appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief."  *De

Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991)

(citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-

46 (1957).  In passing on a motion to dismiss, "the material

allegations of the complaint are taken as admitted."  *Jenkins v.

McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).

Moreover, "the complaint is to be liberally construed in favor of

plaintiff."  *Id.*  In addition, a motion to dismiss must be

assessed in light of Rule 8's liberal pleading standards, which

require only "a short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

## III.  Analysis

### A.  The Release Agreement

The Gobenas seek dismissal of Deressa's Complaint in

its entirety, arguing that Deressa waived any and all claims that

she had against them on October 23, 2004, when she signed the

release agreement.  In this agreement, the Gobenas purported to

remit $20,000 to Deressa, and Deressa purported to

> acknowledge[] receipt of full final payment for all her
> services, confirm[] that she [was] neither owed any
> further money by Temesgien and Abebetch B. Gobena nor
> [did] she have further claims of any kind against them,
> and affirm[] that she [had] decided on her own volition
> to stay in the United States."

(Compl. Ex. A.)  The Gobenas argue that the agreement is

unambiguous on its face and must prevail over the bare

allegations of the Complaint.  *See Fayetteville Investors v.*

*Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)

(holding that, in the event of conflict between a complaint's

allegations and an exhibit attached thereto, the exhibit

prevails).

Deressa argues that the agreement is void or,

alternatively, is voidable.  First, because the agreement is in

English, Deressa claims that she did not know what she was

signing, and that as such, the agreement is void under *Ashmore v.*

*Herbie Morewitz, Inc.*, 475 S.E.2d 271, 275 (Va. 1996).  In

*Ashmore*, the Virginia Supreme Court stated that a contract would

be void if the promisor did not know what was being signed and

that this unawareness was caused by fraud at the inception of the

agreement.  *Id.*  While Deressa alleges that she was unaware of

what she was signing, she has not alleged that her unawareness

resulted from fraud at the agreement's inception.  *See id.* at

274-75 ("A party seeking to establish fraud must prove by clear and convincing evidence a false representation, of a material fact, made intentionally and knowingly, with the intent to mislead, reliance by the party misled, and resulting damage to such party."). Because Deressa's inability to speak English, rather than fraud, caused her unawareness, the agreement is not void under the principles articulated in *Ashmore*.

Second, Deressa argues that the agreement is voidable for a variety of reasons and has amended her Complaint to seek rescission of the agreement. The Court needs not address each ground on which Deressa's rescission claim is based; her Amended Complaint sets forth sufficient allegations to support a colorable claim of unconscionability. The doctrine of unconscionability relates to "the intrinsic fairness of the terms of the agreement in relation to all attendant circumstances, including the relationship and duties between the parties." *Derby v. Derby*, 378 S.E.2d 74, 78 (Va. App. 1989). A gross disparity in the value exchanged is relevant, as are the circumstances incident to the bargaining and executing of the terms. *Id.* at 79. Taking Deressa's allegations as true, the release agreement entitled her to a mere $20,000 as her full compensation for over six years of seventeen hour workdays. Deressa has also alleged that she could not understand the agreement, that she was in dire financial need at the time Mr.

-5-

Gobena offered her the $20,000, that she felt fear in Mr. Gobena's presence, and other circumstances which, if true, would indicate a disparity in bargaining power between the parties. Given these allegations, the Court will assume for purposes of this Motion to Dismiss that the release agreement is voidable. Because Count VIII seeks rescission of the agreement, the Court will not rely on the agreement to dismiss Deressa's other claims.[1]

The Gobenas also seek dismissal of Counts I, II, and IV on the same basis, arguing that Deressa accepted $20,000 as full and final payment for all of her services.  As stated above, however, Deressa has sufficiently pleaded allegations to set forth a claim for rescission of the release agreement.  The Gobenas also argue that the release agreement's representation that the $20,000 constituted full final payment for Deressa's services is binding on Deressa as an "admission."  The Court is unaware of any authority standing for the counterintuitive proposition that representations contained within a rescinded agreement are binding as "admissions" on the party who invalidates the agreement.  Accordingly, dismissal of Counts I, II, and IV on this ground would be inappropriate.

---

[1] In their reply memorandum, the Gobenas have alternatively requested that the Court allow discovery and litigation to proceed only on Count VIII until the validity of the release agreement has been resolved.  The Court will reconsider this request at a later date with respect to trial of this matter. At present, however, discovery shall proceed with respect to all issues.

B.   Statutes of Limitations

The Gobenas also seek dismissal of Counts I, II, IV, and V, arguing that each claim is time-barred.[2]  Count I alleges that the Gobenas willfully failed to pay Deressa the minimum wage, as required by the Fair Labor Standards Act ("FLSA").  Such a claim must be filed within three years after the cause of action has accrued.  29 U.S.C. § 255(a).  A claim for unpaid compensation under the FLSA accrues at the end of each regular workday.  *Hency v. City of Absecon*, 148 F. Supp. 2d 435, 437-38 (D.N.J. 2001); *Bayles v. Am. Med. Response of Colo., Inc.*, 937 F. Supp. 1477, 1489 (D. Colo. 1996).  At first glance, it would therefore appear that the statute of limitations bars Deressa's claims for unpaid compensation with respect to work done prior to November 21, 2002, the date three years prior to the filing of her Complaint.

The FLSA is subject to the doctrine of equitable tolling, however.  *See Chao v. Virginia Dep't of Transp.*, 157 F. Supp. 2d 681, 700 (E.D. Va. 2001), *rev'd on other grounds*, 291 F.3d 276 (4th Cir. 2002).  Equitable tolling is appropriate "where the complainant has been induced or tricked by his

---

[2]With respect to their statute of limitations arguments, the Gobenas again claim that Deressa is bound by her "admissions" in the release agreement.  In this instance, by executing the agreement, Deressa "admitted" that she was only employed by the Gobenas for two years as a domestic servant, or in other words, that her last day of employment was June 22, 2000.  Again, Defendants have not cited any authority for the proposition that a person is bound by representations made in a rescinded agreement.

adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans*, 498 U.S. 89, 96 (1990). Under Fourth Circuit precedent, the party seeking equitable tolling must show "that the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). Deressa has alleged that whenever she inquired about her pay, the Gobenas answered her with a variety of misleading responses. Characteristic of these responses were representations that the Gobenas were holding Deressa's money for her because she did not presently need it and so that she could use the money at a future time to open a shop in Ethiopia. At the present stage, these allegations are sufficient to establish a claim of equitable tolling.

Count II alleges that the Gobenas breached Deressa's employment agreement by failing to pay her and refusing to provide her with medical care, vacation, and sick leave. A Virginia cause of action for breach of contract is subject to a five-year statute of limitations period, which begins to run from the date the breach occurs.[3] Va. Code § 8.01-246(2). Count IV

---

[3]In the case of an indivisible contract, the "non-breaching party can 'elect between pursuing his remedy when an action which would constitute a breach occurs or awaiting the time fixed by the contract for full and final performance. If he elects the latter course, the statute of limitations does not begin to run against his right of action until the time for final performance fixed by the contract has passed.'" *American Inn, L.P. v. Wolf*, 28 Fed. Appx. 316, 319-20 (4th Cir. 2002). Under this exception, the statute of limitations on Deressa's breach of contract action may have started to run only upon the expiration of her employment contract. Because Deressa has not

alleges that the Gobenas made fraudulent misrepresentations to
Deressa regarding the terms and conditions of her employment,
inducing Deressa to accept the employment offer.  A Virginia
cause of action for fraud carries a two-year statue of
limitations.  Va. Code § 8.01-243(A).  Given that the allegedly
fraudulent representations necessarily occurred before Deressa
signed her employment contract in 1998, the statute of
limitations has run on Count IV.

     The Virginia Code provides for tolling under certain
circumstances:

> When the filing of an action is obstructed by a
> defendant's . . . using any other direct or indirect
> means to obstruct the filing of an action, then the
> time that such obstruction has continued shall not be
> counted as any part of the period within which the
> action must be brought.

Va. Code § 8.01-229(D).  In construing this provision, the
Virginia Supreme Court has held a plaintiff who seeks to rely on
it "must establish that the defendant undertook an affirmative
act designed or intended, directly or indirectly, to obstruct the
plaintiff's right to file her action." *Grimes v. Suzukawa*, 551
S.E.2d 644, 646 (Va. 2001).  Examples of such actions include a
defendant's affirmative misrepresentation about his identity at
the scene of an automobile accident, *see Newman v. Walker*, 618

---

pleaded the date of expiration, however, the Court will assume that the
statute of limitations has run and address her tolling argument.

S.E.2d 336 (Va. 2005), and a defendant's prevention of service of process, *see Baker v. Zirkle*, 307 S.E.2d 234, 236 (Va. 1983).

Deressa has alleged that the Gobenas implied that they were holding a lump sum of Deressa's money for her, threatened Deressa with deportation when she asked about her pay, forbade Deressa from leaving their residence, and took several measures to ensure that Deressa would not venture outside of the residence.  These allegations, if true, constitute affirmative acts designed to prevent Deressa from obtaining her wages or taking steps to enforce her contractual and common law rights. Deressa has alleged, moreover, that these actions continued during the entire term of her employment, through September 22, 2004.  Accordingly, the Court finds that Va. Code § 8.01-229(D) tolls the statutes of limitations as to Counts II and IV.  Both Counts are timely filed.

Count V of Deressa's Complaint alleges that the Gobenas conspired to deprive her of her civil rights by holding her in involuntary servitude, as is prohibited by the Thirteenth Amendment to the Constitution and 18 U.S.C. § 1584.  The statute providing for Deressa's right of action, 41 U.S.C. § 1985(3), borrows its statute of limitations from state law.  *See United Steelworkers of Am., AFL-CIO-CLC v. Dalton*, 544 F. Supp. 291, 296 (E.D. Va. 1982).  This Court has analogized suits for civil rights violations to personal injury actions and has applied the

two-year statute of limitations period required for such under
Virginia law.  *Id.* at 297; Va. Code § 8.01-243(A).  While the
cause of action accrued at the outset of Deressa's employment,
Deressa has alleged actions taken by the Gobenas, detailed above,
which were designed to prevent Deressa from enforcing her civil
rights.  As such, the statute of limitations tolled pursuant to
Va. Code § 8.01-229(D) throughout the entirety of Deressa's
employment, and Count V is timely filed.

C.  Count III - False Imprisonment

        Count III of Deressa's Complaint seeks damages for
false imprisonment.  The Virginia Supreme Court has defined false
imprisonment as a restraint of one's liberty without any
sufficient legal excuse therefor by word or acts which the
imprisoned fears to disregard.  *See Montgomery Ward & Co. v.
Wickline*, 50 S.E.2d 387, 388 (Va. 1948).  The Gobenas seek
dismissal of this Count, arguing that Deressa has pleaded
specific allegations showing that her liberty was not restrained.

        A review of the cited portions of Deressa's Complaint
belies the Gobenas' contention.  Although Deressa's allegations
show that the Gobenas occasionally left her alone at their
residence, such does not defeat her claim for false imprisonment.
Taking the allegations as true, the Gobenas denied Deressa a key
to the residence, ensuring that she would be unable to reenter
the premises if she left.  The Gobenas did leave Deressa a key

when they traveled to Ethiopia, but the Gobenas' threats of
arrest and prosecution and Deressa's fear of the Gobenas
effectively imprisoned her on these occasions.  Deressa was not
free to leave the residence at her leisure and walk the
neighborhood; indeed, the only time she did so was the occasion
of her escape.[4]  Finally, Deressa alleges that she traveled to
Minnesota, New York, and the Blue Ridge mountains as the Gobenas'
servant, and not, as they now argue, their guest.  These
allegations are consistent with Deressa's claim of false
imprisonment.

## D.  Count V - Conspiracy to Deprive Deressa of Civil Rights

In order to state a claim for a private conspiracy in
violation of the first clause of 42 U.S.C. § 1985(3), a plaintiff
must allege, *inter alia*, "(1) that some racial, or perhaps
otherwise class-based, invidiously discriminatory animus [lay]
behind the conspirators' action, and (2) that the conspiracy
aimed at interfering with rights that are protected against
private, as well as official, encroachment." *Bray v. Alexandria
Women's Health Clinic*, 506 U.S. 263, 268 (U.S. 1993) (quotation
and internal citation omitted).  According to the Fourth Circuit,
"[t]o meet the requirement of a class-based discriminatory

---

[4]Deressa has alleged that she propped the outside door of the Gobenas'
residence open on other occasions when she had to go outside.  This allegation
does not state that Deressa left the premises on these occasions, and it is
certainly plausible that Deressa went outside the home only to perform her job
functions.

-12-

animus, under this section the class must possess the discrete, insular and immutable characteristics comparable to those characterizing classes such as race, national origin and sex." *Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985) (quotation and internal citation omitted).

Deressa's First Amended Complaint alleges that the Gobenas' actions were motivated "by a desire to deprive Plaintiff [of] her rights to be free from slavery as a direct result of Plaintiff's being an alien, female, and of African descent." (First Am. Compl. ¶ 80.)  Each of these attributes is a discrete, insular, and immutable characteristic deserving of heightened protection under the Constitution.  The Gobenas counter that they too are from Ethiopia, are of African descent, and are of the same racial stock as Deressa.  Defendants have cited no authority for the proposition that one cannot bear discriminatory animus against members of one's own class.  Their mere membership in these classes does not negate the possibility that they bore discriminatory animus toward other persons due to alienage, sex, or African descent.  The Gobenas' arguments are an insufficient basis on which to dismiss Count V.

-13-

**IV.   Conclusion**

For the foregoing reasons, the Court will deny

Defendants' Motion to Dismiss.   An appropriate Order shall

issue.


February 13, 2006                    _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE